14640

STATE *EX REL.* PHILIPS v. GARREN *ET AL.*

(195 S. E., 834)

October, 1937.

*Messrs. Bryson & Pyle* and *C. S. Bowen,* for petitioner,

*Messrs. Robert T. Ashmore, Solicitor,* and *J. G. Leatherwood,* for respondents,

March 14, 1938.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS.

We adopt the statement of facts printed in the case:

"On the 20th day of March, 1937, Hon. Clyde R. Hoey, as Governor of the State of North Carolina, issued his requisition to the Governor of the State of South Carolina, asking the extradition of Virgil Philips. Accompanying said requisition were a warrant for the arrest of said Virgil Philips therein charged with unlawfully, willfully, and feloniously breaking and entering a named store, and stealing and carrying away certain merchandise therein, in the County of Henderson, State of North Carolina; and affidavits of W. A. Garren, Elzie Stokes, Jessie Mae Ballenger; and the application for requisition issued by the solicitor of the Eighth Judicial District of the State of North Carolina, together with the commission of W. A. Garren to receive the said Virgil Philips and deliver him to the authorities of Henderson County, N. C.

"In response to the above-named documents, his Honor, Olin D. Johnston, as Governor of the state of South Carolina, on the 28th day of August, 1937, issued his warrant of extradition of the said Virgil Philips, under which the said Virgil Philips was arrested, and ever since has been in the custody of John A. Martin, as sheriff of Greenville county, S. C. Upon being arrested, the said Virgil Philips exhibited his petition for a writ of habeas corpus to Hon. G. Duncan Bellinger, wherein he recited that he was a resident of Greenville County, S. C.; that the warrant of extradition was unlawfully issued in that the supporting affidavits were insufficient and based on hearsay, and, furthermore, petitioner could establish that he was not in the state of North Carolina when the offense was alleged to have been committed. Upon this petition, Judge Bellinger issued a rule to show cause, returnable before Hon. G. Dewey Oxner, at Greenville, S. C., and the matter was then referred to Hon. Philip H. Stoll who heard the same and denied the writ. Appellant duly gave notice of intention to appeal from said decision."

The offense charged is set forth in the affidavit of W. A. Garren, as follows:

"W. A. Garren being duly sworn, complains, and says that at and in the said county of Henderson, Hendersonville township, on or about the 1st day of March, 1937, Virgil Philips did unlawfully, willfully, and feloniously break and enter the store of Nellie Wright, steal and carry away merchandise, chewing gum, candy, meats, tobacco, cigarettes, and one zipper bag. He is now a fugitive from justice having fled to another state to evade arrest. The crime committed would imprison the defendant for one year or more. Contrary to the form of the statute, and against the peace and dignity of the state.

"W. A. GARREN.

"Subscribed and sworn to before me this 18th day of March, 1937.

"J. F. BROOKS, Justice of Peace."

On March 19, 1937, W. A. Garren signed another affidavit before the same justice of peace in which he stated that he is a deputy sheriff and that the place of Nellie Wright was broken into on the night of March 1, 1937, and about $50.00 or more of goods were taken therefrom; that on the same night he apprehended Jessie Mae Ballenger, alias Jessie Stokes, in a car near Hendersonville, N. C., with practically all the stolen goods in her possession; that Jessie Mae Ballenger admitted that she was with Elzie Stokes and one Virgil Philips and that they broke and entered Nellie Wright's store and took the merchandise; that said Jessie Mae Ballenger accompanied the deponent to Spartanburg where she identified both Virgil Philips and Elzie Stokes as her companions; that Elzie Stokes voluntarily came back to Henderson County and is now lodged in Henderson County jail, but Virgil Philips refused to return.

Supporting this are two affidavits, one by Elzie Stokes and the other by Jessie Mae Ballenger, sworn to before the Clerk of Superior Court, Henderson County, N. C., in which both say that they were present when Virgil Philips broke into said store.

The exceptions of appellant charged that it was error to consider the affidavits of W. A. Garren and accord it any value because the statements therein made were upon information and belief and were unquestionably hearsay; on the further ground that it was error to hold that the affidavits of Elzie Stokes and Jessie Mae Ballenger supported the charge for the reasons that these affidavits merely allege that Philips broke into the store but did not allege that he entered and stole therefrom; and, further, that the presiding Judge erred in refusing to quash the warrant and dismiss appellant because the proceedings under which said warrant was issued were insufficient upon its face to sustain the same.

The original affidavit of W. A. Garren, set out above in full, would have been entirely sufficient if no other affidavit had been submitted. The second affidavit of W. A. Garren sets forth in detail the sources of his infor-

mation and it is well recognized that an affidavit may be made upon information and belief where the sources of information are given.

It is further contended that the affidavits of Elzie Stokes and Jessie Mae Ballenger should not have been considered for the reason that they were not made before a magistrate but were made before the Clerk of Superior Court.

These affidavits could be omitted entirely and there would still be sufficient showing upon which the requisition was based. The affidavits merely corroborated W. A. Garren.

It is difficult to see how a more complete showing could have been made. Every legal requisite was present and every legal step taken necessary to warrant Governor Johnston in honoring the requisition and to support the order of Judge Stoll. All exceptions are overruled and the judgment of Judge Stoll dismissing the writ and denying the relief asked for in the petition is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.